**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Juan Marcos Alvarado Osorio,<br>Petitioner<br>-vs-<br>Luis Rosa, Jr., et al.,<br>Respondents. | CV-26-5590-PHX-JFM<br><br>**Order** |

Under consideration is Petitioner's counseled Petition for Writ of Habeas Corpus filed August 11, 2026 (Doc. 1).

Petitioner is a Mexican national who entered the United States without inspection in or about 1999. He was first encountered by immigration officials in 2011 following a civil traffic stop. He was placed in removal proceedings, but in the interim obtained a valid work permit and his removal case was administratively closed. On July 13, 2026, Petitioner was again taken into custody by immigration officials and had not been provided a detention hearing.

In his Petition, Petitioner asserts various constitutional and statutory theories and seeks release.

On August 17, 2026 Respondents filed a Response (Doc. 9) seeking dismissal of the Petition as moot, asserting only: “Respondents have submitted a request to the Immigration Judge and a bond hearing has been scheduled for August 20, 2026.”

Petitioner has not replied, and the time to do so expired on August 20, 2026.[1]

Because Petitioner has not replied, the Court concludes that a bond hearing was

[1] ICE’s Detainee Locator reflects, as of August 26, 2026, that Petitioner remains detained at the Florence Correctional Center. *See* https://locator.ice.gov/odls/#/search, No information is available on any bond determination.

indeed scheduled. However, Respondents have provided no evidence that a bond hearing was held. Accordingly, the Court cannot conclude the case is moot.

Nor do Respondents offer any argument to show that Petitioner is not entitled to such a hearing. The Court concludes that Petitioner is an unadmitted alien present in the interior of the country and his detention is governed § 1226. *Rodriguez Vazquez v. Bostock*, - - - F.4th - - - , 2026 WL 2196424, at *26 (9th Cir. July 30, 2026). As such, Petitioner is entitled to seek and be granted a bond hearing under §1226 (a).

To be sure, Petitioner sought immediate release. But the form of relief in a habeas proceeding is within the discretion of the Court.

> "[The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Federal courts have a fair amount of flexibility in fashioning specific habeas relief. "A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and justice require and is not required to order petitioner's immediate release from physical custody."

*Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citations omitted).

Nothing in the Petition suggests a bond hearing is not an appropriate remedy, and it is the remedy most closely related to the illegality alleged by Petitioner.

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as described herein.

(B) Unless Petitioner has already, since July 13, 2026 been provided one, Respondents must provide Petitioner a **BOND DETERMINATION HEARING** pursuant to 8 U.S.C. § 1226(a) within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention. Petitioner—including any counsel—must be given at least two days' notice of the bond hearing.

(C) If Petitioner requests a continuance of such bond hearing from the Immigration Court, Respondents must promptly notify the Court and provide the continued date for the bond hearing.

(D) Respondents must provide a **NOTICE OF COMPLIANCE** within **three days** of releasing Petitioner or providing Petitioner a bond hearing, specifying the results of the hearing or particulars of the release.

(E) Any pending motions are **DENIED AS MOOT**.

(F) The Clerk of Court must enter **JUDGMENT** in Petitioner's favor and **CLOSE** this case.

Dated: August 26, 2026

26-5590-001o Order 26 08 26 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge